UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALLEN CALLIGAN,

    Petitioner,

v.                                   CAUSE NO. 3:19-CV-825 DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Allen Calligan, by counsel, filed an amended habeas corpus petition under 28 U.S.C. § 2254 to challenge his habitual offender sentence enhancement under Case No. 02D05-1108-FB-187. Following a jury trial, on March 12, 2012, his prison sentence was increased thirty years because of the habitual offender enhancement. In the amended petition, Mr. Calligan says he is entitled to habeas relief because trial counsel didn't advise him that the prosecution had suggested it might agree to capping his exposure to the habitual offender enhancement to ten years if Mr. Calligan conceded his status as a habitual offender.

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods,* 135 S. Ct. at 1376. Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

2

unchallengeable." *Id.* at 690. The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 693. In assessing prejudice under *Strickland,* "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). However, "[o]n habeas review, [the] inquiry is now whether the state court unreasonably applied *Strickland*." *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013). "Given this high standard, even 'egregious' failures of counsel do not always warrant relief." *Id.*

On December 11, 2011, a jury convicted Mr. Calligan of unlawful possession of a firearm but could not reach a verdict on whether Mr. Calligan's sentence should be enhanced as a habitual offender, and the trial court declared a mistrial. Trial Tr. 290-93. On December 16, 2011, Attorney Bohdan, who then served as trial counsel, sent Mr. Calligan a letter, stating, "The prosecutor has suggested he would agree to cap your exposure at 10 years on the habitual enhancement if you would agree to admit to that status rather than have a trial on that narrow issue." ECF 21-5 at 4. On January 18, 2012, Attorney Bohdan withdrew as Mr. Calligan's counsel, and an attorney from the public defender's office entered an appearance the next day. ECF 16-1 at 7. At the retrial, on February 9, 2012, the jury found Mr. Calligan guilty on the habitual offender enhancement, and he received a sentence enhancement of thirty years. *Id.* at 7-9.

In the petition for post-conviction relief, Mr. Calligan argued trial counsel was ineffective for failing to communicate "a formal plea offer." ECF 21-2 at 22-24. At an

3

evidentiary hearing, Mr. Calligan presented the letter from Attorney Bohdan to Mr. Calligan and an envelope that read "Return to Sender/Attempted - Not Known/ Unable to Forward."[1] ECF 21-4 at 7-9. Attorney Bohdan testified that he sent the letter to Mr. Calligan at the jail and that he did not recall receiving it back as undeliverable mail. *Id.* at 7, 10. Mr. Calligan testified that he discovered the letter in the public defender's case file and that he received no letters at the jail in December 2011. *Id.* at 14-15.

On appeal, the Indiana Court of Appeals affirmed the lower court, reasoning that Indiana law requires formal plea offers to be in writing and that Mr. Calligan had not demonstrated the existence of a formal plea offer. ECF 16-12 at 6-9. The appellate court also found that Attorney Bohdan made a reasonable effort to communicate the prosecution's suggestion by mail. *Id.* at 9-10. Attorney Bohdan mailed the letter to Mr. Calligan's address at the jail, had no reason to believe it had not been received, and withdrew from the case shortly thereafter. *Id.*

After reviewing the record, the court cannot find that the state court's decision on this claim was unreasonable. To start, the court observes that Mr. Calligan's claim has evolved from the claim that trial counsel failed to communicate "a formal plea offer" in the petition for post-conviction relief before the Allen Superior Court to the claim that trial counsel failed to communicate the prosecution's "suggestion" or "oral offer" in the amended habeas petition. ECF 12; ECF 21-2 at 22-24. While this evolution began at the

---

[1] At the evidentiary hearing, the Allen Superior Court sustained the state's objection to the letter for lack of authentication, but it appears that the state withdrew that objection before the entry of the final order. ECF 16-11 at 4; ECF 21-4 at 7-9. In any event, the Indiana Court of Appeals relied on the letter as evidence that the letter had been returned as undeliverable. ECF 16-12.

4

appellate stage (ECF 16-9; ECF 16-11), the Indiana Court of Appeals declined to acknowledge it or accept it as permitted under state procedural rules. *See N. Indiana Pub. Serv. Co. v. Sloan*, 4 N.E.3d 760, 766 (Ind. App. 2014) (party may not raise argument for the first time on appeal); *Hape v. State*, 903 N.E.2d 977, 997 (Ind. App. 2009) (same). Consequently, the court cannot say the appellate court's reliance on the lack of a formal offer to deny Mr. Calligan's claim was unreasonable.

Mr. Calligan also argues that the state court's determination on trial counsel's performance was unreasonable: "It is clear that trial counsel has a duty to communicate such a suggestion in person in order to discuss such an important matter with his client, rather than consigning such an important communication to the mail, and that he has a duty to do so prior to withdrawing from the client's case." ECF 19 at 5-6. On habeas review, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Though Mr. Calligan may have preferred an in-person meeting with Attorney Bohdan, he cites no authority to support the proposition that trial counsel has a constitutional duty to discuss plea offers with criminal defendants in person even when trial counsel has taken measures to promptly inform the criminal defendant of the plea offer and a substitution of counsel is imminent.

No reasonable argument could be made that Attorney Bohdan's efforts to communicate the prosecution's suggestion were inadequate. Broadly speaking, mail is accepted as a reasonably reliable means of communication for legal matters. *See e.g.,* Fed. R. Civ. P. 5(b)(2)(C); Ind. R. Trial P. 4.1(A)(1), and the record establishes that Attorney

5

Bohdan had no reason to suspect that Mr. Calligan would not receive his letter. There is also no indication of any need for a more immediate means of communication; the prosecution had not placed an expiration date on verbal offer or plea negotiations generally; and, when Attorney Bohdan withdrew, the trial court had not yet set a date for the retrial on the habitual offender enhancement. ECF 16-1 at 7-8. Additionally, Attorney Bohdan knew that Mr. Calligan would be represented by an attorney from the public defender's office after Attorney Bohdan withdrew from the case and had no reason to question the public defender officer's ability to resume plea negotiations. ECF 21-3 at 9-10. Because the state court's determination on deficient performance is not unreasonable, the claim that trial counsel inadequately communicated a verbal plea offer is not a basis for habeas relief.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Calligan to proceed further.

For these reasons, the court DENIES the amended habeas corpus petition (ECF 12); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED.

August 31, 2021

*s/ Damon R. Leichty*
Judge, United States District Court